**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDITH ELIZABETH BAMACA ALVAREZ; C.E.G.; J.E.G., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-185 <br><br> Agency Nos. <br> A220-147-978 <br> A220-147-979 <br> A220-147-980 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Lead Petitioner Judith Bamaca Alvarez ("Lead Petitioner") and her two

minor children (collectively, "Petitioners"), natives and citizens of Guatemala,

petition for review of the Board of Immigration Appeals' ("BIA") decision

affirming the Immigration Judge's ("IJ's") denial of asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004). We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. To be eligible for asylum, Petitioners must establish that they have suffered past persecution or have a well-founded fear of future persecution "on account of" a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142-43 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). More specifically, the protected ground must be "one central reason" for the past persecution or fear of future persecution, which is known as the nexus requirement. *Id.* at 1143 (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).

Even construed liberally, Petitioners' pro se opening brief does not address, and therefore has waived, any challenge to the IJ's finding that they failed to establish the nexus required for asylum. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Moreover, even if not waived, substantial evidence supports the IJ's finding

that Petitioners failed to establish nexus. Petitioners seek asylum based on membership in the particular social groups of "Guatemalan families property of the gangs" and "[Lead Petitioner's] immediate family ties to her brother Oswaldo Edilberto Bamaca Alvarez."[1]

Substantial evidence supports the IJ's finding that Petitioners failed to show a nexus between either particular social group and the claimed persecution. Petitioners allege that Lead Petitioner was threatened and physically assaulted by her brother (who was involved in gang activity), that she was robbed by his friend, and that she received an anonymous extortion note. However, substantial evidence supports that she was not targeted because of her membership in a particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (An applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Further, as the IJ noted, the personal dispute between Lead Petitioner and her brother over his gang involvement does not satisfy the nexus requirement. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam) (stating that a personal dispute,

---

[1] In their opening brief, Petitioners allege the different particular social group of "Guatemalan women opposed to gangs because of the fundamental beliefs." However, Petitioners failed to raise this group before the agency. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is "properly raise[d]" (citation omitted)).

standing alone, does not constitute persecution based on a protected ground).

Because "the lack of nexus to a protected ground is dispositive," we need not reach Petitioners' other contentions. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

2. Likewise, we uphold the IJ's denial of Petitioners' withholding of removal claim. Either Petitioners waived any challenge to the IJ's nexus determination, or substantial evidence supports that there was no nexus. Although the nexus requirement for withholding of removal is less demanding than that of asylum, there is no distinction where there is "no nexus at all." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

3. Substantial evidence also supports the IJ's denial of Petitioners' CAT claim. To qualify for CAT protection, Petitioners must show that they will more likely than not be tortured by or with acquiescence of the government upon removal to Guatemala. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Here, Lead Petitioner's physical assault, robbery, threats, and extortion by her brother and unknown gang members or criminals does not rise to the level of torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) (noting that torture "is reserved for extreme cruel and inhuman treatment that results in severe pain or suffering").

Petitioners have also not shown the requisite degree of state action. As the

IJ points out, although the Guatemalan government has not "been completely successful at quelling crime or violence in the country," ineffective attempts are insufficient to constitute government acquiescence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (explaining that "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence").

4.  The stay of removal will remain in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**

24-185